The last matter scheduled for oral argument before this panel this morning is that of P.D. v. Daniel Sharkey et al. Mr. Connell or Connell? Connell. Thank you, Your Honor. May it please the Court? Matthew Connell on behalf of the appellants, if I may reserve five minutes for rebuttal. Granted. Your Honor, I represent the County of Berks and its current officials and employees. I would like to make it clear at the outset of the argument that I do not represent Daniel Sharkey. Daniel Sharkey, who is a former county employee, was arrested for institutional sexual assault. He pleaded guilty and was sentenced. He was immediately removed from his position as a caseworker at the Berks County Residential Center. Upon learning of his sexual relationship with E.D., he was terminated and then ultimately arrested and prosecuted. Mr. Connell, there's several references in the briefs to the issue of consent or the concept of consent. You would agree that's not really in play? I'm sorry, Your Honor. Consent is really not an issue for us to have to deal with, correct?  How so? The issue is whether there's a constitutional violation will turn on whether there's consent. Ultimately, but I want to know how we have jurisdiction, frankly, in this case. Okay. First jurisdictional issue, Your Honor, is the collateral order doctrine under its initial qualified immunity that was appealed. But as to Berks County, is it eligible for qualified immunity? The county of Berks would technically not be eligible for qualified immunity. But under this court's Vanderklok decision, where the issue of whether or not there's a cause of action in the first instance is something that this court can review. Vanderklok was a Bivens case, right? I'm sorry, Your Honor. Vanderklok was a Bivens case. Vanderklok was a Bivens case, but it took into consideration the issue of qualified immunity and whether or not there was, in fact, a threshold constitutional violation question. And this court... Well, we need a pure question of law, though, don't we? To have jurisdiction here, a pure question that implicates qualified immunity. I think that you do need a pure question of law. So questions of fact are the extent to which you introduce into an issue a factual matter such as consent really undermines the basis for the jurisdiction and interlocutory appeal of this kind, doesn't it? I would disagree, Your Honor. Because the question of qualified immunity turns on whether or not there was a constitutional violation and whether or not the constitutional right was clearly established at the time of the constitutional violation. Doesn't the Pennsylvania statute clearly establish you can't have sex with inmates? Yes, but that does not necessarily implicate... There's case law across the country that does not necessarily implicate just because there's a criminal violation does not automatically result in a constitutional violation. And I turn your attention to cases that we briefed from the Eighth Circuit and the Tenth Circuit, very similar circumstances, where when you have a consensual relationship, that does not address the constitutional... Isn't that a question of fact? Yeah, that's a factual issue. And if it's a factual issue, why doesn't it undermine what you initially in your brief argue is a purely legal question based on a presumption that the facts as presented by plaintiff and accepted by the district court are true? If you only went that far, then you've got a basis to take such an interlocutory appeal here. There are two separate issues here. The first issue is with regards to the claims against my clients. OK. And whether or not they violated a clearly established constitutional right. And our position, as argued substantially in the brief, is that with the facts that were of record, not the facts that are in dispute. All right. What are those facts that are of record? The facts that are of record is that the plaintiff in this matter engaged in a consensual relationship with... You're saying that's undisputed? Yeah. You're saying that's undisputed? The record facts are undisputed. The district would say that? The view of the record. The district court did not identify... The district court has to identify a set of facts, right? Or a set of factual disputes for you to be able to then take an appeal from a denial of qualified immunity, right? That is correct, Your Honor, and that didn't happen here. Well, then how do you have a basis to appeal? Well, this court has repeated... And the district court said specifically, there are genuine issues of material fact concerning inter alia, one, whether the plaintiff and Daniel Sharkey had a consensual sexual relationship, and that goes on, and two, whether the individual defendants were deliberately indifferent, et cetera. So the court's making that determination. This court has repeatedly said that the district court judge must look at the specific facts in the specific context of the case, not what was alleged in the complaint, which is all it did here. If we look at footnotes in accordance with 56A, there are genuine issues. I mean, so we're not at 12B. I'm sorry? The court said in accordance with rule 56A, there are genuine issues of material fact. I mean, I'm going to tell the court, no, you're wrong. You're on the front line, and usually it's just the opposite. They say that there are no issues of material fact, and you're saying there probably maybe there are, but here it's just the opposite. They're saying this has got to go further. I've got to sort this out. The court in ruling on qualified immunity, and we're here on the qualified immunity issue in the first instance. For now. And the issue on qualified immunity is the court must identify the specific facts that it finds disputed in the record and break it down and identify the materiality of that. This court has repeatedly stated that standard. And here the district court did not do that. He merely concluded in his footnote that there were that there were disputes of facts. He does not identify which of those facts they are. He does not identify. And importantly, does not identify to each of the named defendants, which this court has repeatedly stated the district court must do when determining qualified immunity. How can we identify what the clearly established right is if he doesn't identify the facts that are required to be related to the specific facts of the case? As the Supreme Court identified in white person. So what you're suggesting is maybe procedurally there should have been an opinion with some more reasoning rather than an order with footnotes. In order to identify the qualified immunity issue and the clearly established right absolutely is required. That's what this court has said repeatedly. And I also directed this panel to footnote seven of the court's order where in identifying the clearly established right, the trial court stated he identified he already identified the applicable right. This is a footnote seven on page four of the trial court's order stated he already identified the applicable right as the right to have a custodial government official protect an immigrant detainee from a sexual assault of which the officer is aware. And this right appears to be clearly established. He cites to his memorandum opinion of document number 56, which was a memorandum opinion addressing the motion to dismiss of a federal code defendant, Joshua Petrie. It was ruled he made that decision on May in May of 2016. The decision that the discovery in this matter didn't even start until June of 2017. He used the clearly established right of something he ruled upon on the basis of pleading, not the facts of the case. Let's look at the rest of footnotes seven. What do you make of the very next and last sentence of that footnote? There is a factual dispute as to whether the individual defendant's conduct violated the plaintiff's constitutional right to be free from sexual assault. A factual dispute. The decisions from the Supreme Court and from this court have directed district courts that they must strip down. They can't just reach the conclusion that there are disputed facts. They must identify the facts that are disputed. And I have seen in cases in Stone King and the judge does identify two facts here that are disputed. Right. He, in my opinion, he's concluding those facts. He's not identifying the facts. He's not identifying to each of the individual defendants. I think maybe what I read you're saying is he's listed the facts, but he has to give the reasoning as to why he thinks there are they are just materially in dispute. Well, the facts that he reaches are that they buy it or that there was a violation of our constitutional rights and whether or not they were aware of that. He has to look at the facts in the record, not the facts as pled in the complaint. Look at the facts in the record to identify where those disputes occur. If we have a plaintiff who says I engage in a consensual relationship at her deposition, then you have to go on. He's also saying you tack on the second disputed area facts. So she actually because it's more than one, whether the individual defendants were deliberately indifferent to a risk of serious harm to the plaintiff, actually knew about that risk and failed to act in response to it. And you can see based on what's been set out here with the jokes and, you know, these the winks and whatnot, that if you're a judge, you can say, I got to sort this out. No, I, I would respectfully disagree. If you're going to look at the facts, you have to identify which of those individual defendants. There's nothing in the record showing that any of these individual defendants were aware of jokes or winks or anything of that nature. At that at her deposition, she identified this E.D. identified the reason you may you may win ultimately. But at this stage, based on this particular finding, you've got a pretty uphill climb. This is about this inquiry has been almost entirely about jurisdiction and the jurisprudence of our system is presumptively against piecemeal appellate litigation. We almost always with exceptions. You've referenced one handle appeals from final orders. Clearly, we do not have a final order here. What we have is an exception that is crafted because of a desire to exclude certain officials, not only from liability, but from from trial and process. So you have to set out the basis for that narrow exception, and it can't be dependent upon the resolution of factual disputes, which actually go to the merits of the case, not whether or not there is some right to take an appeal and interlocutory appeal from a denial of qualified immunity. So I think we had another question. What do you want us to do? I mean, are you asking us to remand this for a more robust opinion? Are you asking us to remand this for analysis on an individual defendant by defendant basis? Are you asking us to reverse this and say qualified immunity applies? Go home. I think that there's precedent in this court. What do you want? What I want, I would like you to reverse and identify as qualified immunity, as this court did in Stone King and Beers Capital versus Wetzel. Would a remand be appropriate under numerous cases, including the cases offered by the members of this panel? I'm not sure if Beer Capital helps you. I remember being on that panel way back when. You know, you've got three options here. So you want us to do the third one when to say flat out that there is a qualified immunity. There's no clearly established constitutional right to protect someone from somebody attacking or dealing with, you know, acting as a sexual predator in this type of environment. Is that correct? That is one of the issues, yes, sir. Do I think the entire appeal turns on that? No, I believe that the qualified immunity issue. That's a toughie. I'm sorry? That's how you win. As I understand it, that's how you win. We reverse the district court on what Judge Ambrose is suggesting. That's what you want, right? No, that is one of the jurisdictional issues. The other jurisdictional issue is the question of whether or not this court can look at the record and identify whether or not there are disputes of facts as to my clients, the individual clients, and whether or not there are those record facts that they are entitled to qualified immunity. And that's where Judge Ambrose with the Beers-Wetzel case, the court did do that with one of the supervisors. In the Stone King case, the court did do that with a supervisor. They look at the record facts, identify that there is no facts to suggest that they were aware of the illegal conduct or unconstitutional conduct, and therefore they are entitled to qualified immunity. That's what this court is reviewing primarily on our appeals, the qualified immunity question. To answer your question, Judge Restrepo, as to what I would prefer you to do, yes, that's what I would prefer you to do, and that's our argument. Can this court and has this court routinely also remanded back to district courts for them to identify the facts? Absolutely. In an opinion that Judge Restrepo, your Honor, authored, Reynolds v. Municipality of Norristown, 716 Fed Appendix 80, that's exactly what you did. You ordered the case remanded so that the district court could identify the facts with regard to each defendant. That's required here. All right. They didn't do that here. We'll have you back on rebuttal, Mr. Connolly. Thank you. Ms. Yeh? Good afternoon. May it please the Court? My name is Sue Meng Yeh, and I represent the appellee, E.D. You scared me. It's 1125 a.m. Oh. I apologize. So as the Court is aware, the underlying claims brought by my client are a failure to protect her as a detainee from sexual assault in a custodial environment, and that she has the right to be free of sexual assault as well as to be protected from that. Let me start where Mr. Connolly left off. Did the district court do sufficient analysis on a defendant-by-defendant basis in this case on the issue of qualified immunity? So on the issue of qualified immunity, the Court did do a sufficient analysis. We do admit that perhaps the opinion is more on the thin side and perhaps not as robust as others. However, because of the extensive record and the clear disputes of fact, what was presented before the Court is sufficient. And on top of that, this Court does have precedence in terms of, one, there are gaps in the facts by the district court, and they are viewed in the light most favorable to the plaintiff. This Court can fill those gaps, and that's Walter v. Pike County from 2008, following Rivas v. City of Passaic, which is also a Third Circuit case. So I think because the evidence shows that all of the individual defendants were on the same shift as Mr. Sharkey, and there was testimony that was joking at mandatory daily briefings, there were references to some type of county staff member who had been involved in prior sexual misconduct, that I think that is enough to raise that issue of dispute of fact here. What's your best case for the proposition that the supervisory liability of Director Edwards was clearly established? So Stone King is the case that a lot of this falls under, and I think that case does help establish that there was a clearly established right. When he's saying Stone King helps him, how does it cut your way? Well, in Stone King, they also looked at the various policies and practices that were there, and I think that the evidence here is sufficient to meet the different prongs. Now, the claim against Diane Edwards, who is the Executive Director, is perhaps harder than against the individual defendants, but I still think at this posture, at the summary judgment stage, there was enough evidence showing the pervasiveness of the knowledge of the individuals. The fact that there was open joking and calling her his girlfriend, you can infer from that. Did Director Edwards know about this? So I think there is enough circumstantial evidence to infer that she did, in fact, know. The standard is not, did she admit that she knew, because in her deposition she doesn't say that. I mean, in my line of work, people rarely admit. She wasn't around when the joking took place. Correct, she's not at the daily briefings. However, it is a facility that's relatively small. It's a close-knit staff. The fact that there was joking, I think, you can infer, and that's what the district court did, infer that there were just genuine disputes of material fact as to the claim against her. So along those lines, I think that what the defendants are proposing here, the way they framed the qualified immunity issue, is based simply on disputes of fact, and that's why there's no jurisdiction. I mean, looking at their briefs, specifically, they've asked whether there is unforced consensual sexual contact between a correctional officer and an inmate is sufficiently serious to support a constitutional violation. That question that they've put forth before the court is essentially based on facts, and facts that would actually be viewed in the light most favorable to them, which is not what the standard is. The facts viewed in the light most favorable to the non-movement, which is the plaintiff in this case. The issue of consent is highly disputed in the factual record, and the issue of whether there was coercion or some type of force is also at dispute. And I do want to say, in terms of what is clearly established as a clearly established right, there is a clearly established right to be protected from sexual assault, as outlined in Stone King, Farmer v. Brenner, Beer's Capital, and that sexual assault doesn't have to be just due to physical force. It's not just forcible rape. Beer's Capital itself, one of the named plaintiffs there, there's no mention of physical force with respect to those activities. So that's the first point, which is that based on the issues before you, we feel that there are disputes of fact, as it was presented by the defendants. The second piece is that there was a clearly established right to be free of sexual assault as a detainee. I mentioned those cases. That's long been established. And then because of the disputes of fact that were presented in the record, the defendants, specifically the Brooks County individual defendants, are not entitled to qualified immunity. Thank you very much. Thank you. We will have Mr. Connell back in rebuttal. I would like to spend most of my time talking about the clearly established right. But it's obvious that this panel has difficulty with my argument. But when you say clearly established right, it's primarily with respect to direct records, is it not? The clearly established right argument? Yeah. I think it's with regards to the claim, the underlying 14th Amendment claim in general. There is, under what the record establishes in this case, counsel uses the term as repeated routinely throughout their brief and routinely throughout the other. Let me ask that. When you mentioned Beers Capital and I was asking you about that and you said it was the supervisor. Yes. So I was extrapolating and thinking that your prime is your primary concern, Director Edwards, or who? Is there anyone else besides that? That's your. Well, yes. In Beers Capital and in Stone King, it wasn't while the supervisory supervisor was the party that was identified and essentially determined to have qualified immunity or dismissed in Beers Capital case is the facts turned on. What the knowledge was and what the record showed as to what the knowledge was of the defendants. This is a failure to protect claim. This isn't that this isn't like Sharkey where the claim is he actually did the act. The only claim against my clients is whether they knew and failed to do anything about it. And our argument here is looking at the facts of record, not at the allegations in the complaint, but the record facts. What did they know? And if they did know anything. It sounds like the court is saying that summary judgment. There are enough facts out there that I just can't make a call. This judge doesn't recognize and identify any facts whatsoever. The record in this case, the summary judgment motion is what I called a 20 pounder. And there were tons and tons of depositions in this case. The judge did not analyze a single fact. He just said that he concluded that they must have known or there's disputes that they knew. They did not identify how they could have known. And I think that's required at the very least and at the very best for you. All that can lead to is for us to send the matter back and ask for a clearer or more robust statement of facts. And I think that that is something that my clients would relish the opportunity to have. Because upon review of the record, there are no facts to support that they knew anything. You were going to start, Mr. Connell, with the constitutional question. The question with regards to a clearly established right. You're saying there was no clearly established right? The clearly established right has to be looked at the facts of the specific case. And if we look at the facts of the specific case as it relates to my clients, the question is even if we refer to it as Judge Ambrose referenced the joking, which, again, there's no facts to support that my clients participated in or seen and saw any joking. But even if that's what it is, joking, saw them around together, they were on the same shift together, then that has to be considered a clearly established right. Does an immigration detainee at a family residential facility have a right to be free from other employees talking or joking about them or being on the same shift together? No, but the point here is does that joking and the winking and whatnot lead to a possible claim of deliberate indifference? It's not a question of just joking being in and of itself a problem. It's is there evidence that shows that they knew, they ignored? And the record shows that there is nothing other than joking, and again, not with regards to my clients. There's nothing in the record that says that. But it's kind of a dramatic leap to suggest that because people work on the same shift together. They actually knew about the risk and failed to act in response to that risk. Because they work on the same shift together or because there was joking, not with regards to whether or not. Your position is there's literally nothing on the record to support the plaintiff's position. Absolutely. And if Judge Smith had broken down the facts as he's required to under this course, courts precedent and identify with regards to each defendant, what informant, what facts were in dispute with regard to each of one of those defendants? OK, there was evidence that another individual not represented by me and not sued in this action did have some knowledge. A friend of Sharkey's made clear at our argument. We did not represent him. He was not sued. He was not brought in even after they found out about him. None of my clients had any knowledge. That's what the record shows. Thank you very much. Yeah, we will take the case under advisement.